TOWNSEND AND TOWNSEND AND CREW LLP
THEODORE T. HERHOLD (State Bar No. 122895)
ttherold@townsend.com
MATTHEW R. HULSE (State Bar No. 209490)
mrhulse@townsend.com
379 Lytton Avenue
Palo Alto, California 94301
Telephone: (650) 326-2400
Facsimile: (650) 326-2422

Attorneys for Plaintiff
DBA INFOPOWER, INC.

**E-Filing**

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DBA INFOPOWER, INC., | Case No. |
| Plaintiff, | **C 05 3320** |
| v. | **COMPLAINT** |
| TAL LAVIAN, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiff DBA InfoPower, Inc. ("DBA") alleges as follows:

### PARTIES

1.    DBA is a California corporation with its principal place of business in Santa Clara, California. DBA is in the business of developing and selling software to create a complete database business continuity solution, from database proactive monitoring to problem containment and root cause analysis.

2.    Defendant Tal Lavian ("Lavian") is an individual residing in Sunnyvale, California.

### JURISDICTION AND VENUE

3.    This is a civil action for declaratory judgment under 28 U.S.C. §§ 2201 and 2202 and the United States Patent Laws (35 U.S.C. § 1 *et seq.*), and related claims. Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331, 1338, and 1367. Venue is proper under 28 U.S.C. § 1391.

COMPLAINT
CASE NO.

- 1 -

## GENERAL ALLEGATIONS

4. On or about December 2004, Lavian and DBA entered into a contract in which Lavian agreed to work as a consultant to DBA and provide certain services to DBA, including the administration of DBA's patent portfolio ("Consulting Agreement").

5. Under the Consulting Agreement, Lavian agreed that DBA shall own all right, title, and interest relating to any and all inventions or other intellectual property, including patent applications, conceived or developed by Lavian in connection with the services Lavian provides to DBA, and that Lavian will assign all such inventions or other intellectual property to DBA. Lavian further agreed under the Consulting Agreement to hold in confidence and not disclose any inventions or other intellectual property Lavian learns, develops, or obtains in connection with the services Lavian provides to DBA, except in performing certain services to DBA. In consideration of Lavian's services, DBA agreed to sell shares of its common stock to Lavian which vested based upon Lavian's satisfactory and timely completion of the services to DBA.

6. DBA has performed all of its obligations under the Consulting Agreement.

7. On or about January 6, 2005, Lavian and DBA entered into a Nondisclosure Agreement (A copy of the Nondisclosure Agreement is attached as Exhibit A). Under the Nondisclosure Agreement, Lavian agreed:

> 1. You will hold in confidence and not possess or use (except to evaluate within the U.S. the proposed business relationship) or disclose any Proprietary Information except information you can document (a) is in the public domain through no fault of yours, (b) was properly known to you, without restriction, prior to disclosure by Company, or (c) was properly disclosed to you by another person without restriction. You will not reverse engineer or attempt to derive the composition or underlying information, structure or ideas of any Proprietary Information. The foregoing does not grant you a license in or to any of the Proprietary Information.

8. In consideration of this agreement, DBA agreed to disclose proprietary information to Lavian under the Nondisclosure Agreement.

9. DBA has performed all of its obligations under the Nondisclosure Agreement.

COMPLAINT
CASE NO.

- 2 -

10.    During his relationship with DBA, Lavian had knowledge of and had access to certain confidential information relating to DBA's intellectual property, including DBA's invention disclosures and patent applications.

11.    Ron Warshawsky ("Warshawsky") is a founder of DBA and a member of its Board of Directors, and serves as its Chief Technology Officer. He is a database technology expert and is responsible for the technical vision and direction of DBA's product line. Warshawsky's responsibilities include the development of DBA's intellectual property, including patentable inventions.

12.    Pursuant to the Consulting Agreement, Lavian was responsible for collecting Warshawsky's inventions and preparing patent applications based upon them. Lavian further was responsible for delivering the patent applications to DBA's patent attorney, who, in turn, was responsible for finalizing and filing the patent applications with the United States Patent and Trademark Office.

13.    On or about June 2005, Lavian prepared patent applications based upon Warshawsky's inventions. Lavian represented to DBA that he would send the patent applications to DBA's patent attorney.

14.    On or about June 22, 2005, Lavian went on vacation and traveled to Israel. On June 29, 2005, while Lavian was in Israel and without authorization from DBA, Lavian filed via the Internet a patent application with the United Stated Patent and Trademark Office ("the Patent Application"). The Patent Application was based solely on inventions conceived by Warshawsky during his work for DBA. Despite this fact, however, Lavian listed himself and Warshawsky as co-inventors on the Patent Application. Lavian did not inform DBA that he had filed the Patent Application.

15.    On August 1, 2005, DBA received notification from the United States Patent and Trademark Office that the Patent Application had been filed. In response, DBA immediately informed Lavian that the filing of the Patent Application was improper and not authorized, that he should not be listed as a co-inventor, and that any of Lavian's alleged rights in the Patent Application should be

COMPLAINT
CASE NO.

assigned to DBA. Lavian has refused to remove himself as a co-inventor and has refused to assign his alleged rights in the Patent Application to DBA.

## COUNT I

### Declaratory Judgment of DBA Ownership

16. DBA incorporates paragraphs 1 though 15.

17. Lavian has alleged that he has an ownership interest in DBA's intellectual property, including the Patent Application, on the ground that he allegedly is a co-inventor of the intellectual property.

18. Lavian has no ownership interest in any DBA intellectual property and is not a co-inventor of any DBA intellectual property, including the Patent Application.

19. As described above, Lavian agreed that DBA shall own all right, title, and interest relating to any and all inventions or other intellectual property, including patent applications, conceived or developed by Lavian in connection with the services Lavian provided to DBA.

20. DBA has requested that Lavian withdraw his claim of inventorship as to the Patent Application and other DBA intellectual property, and assign to DBA all of his alleged right, title, and interest in the Patent Application and other DBA intellectual property. Lavian has refused to do so.

21. There is an actual controversy relating to the legal rights and duties of the respective parties.

22. DBA seeks a declaration of the rights and duties as to DBA's intellectual property, including the Patent Application.

WHEREFORE, DBA prays for relief as hereinafter set forth.

## COUNT II

### Breach of Contract

23. DBA incorporates paragraphs 1 through 22.

24. Lavian, by his actions as alleged above, has breached his contractual obligations to DBA in his Consulting Agreement and Nondisclosure Agreement with DBA. Lavian has breached these obligations by, among other things, filing the Patent Application with the United State Patent

and Trademark Office without authority from DBA, and failing to assign his alleged intellectual property rights to DBA as required.

25.    Lavian's breach has damaged DBA in an amount that DBA will prove at trial.

WHEREFORE, DBA prays for relief as hereinafter set forth.

### COUNT III

### Conversion

26.    DBA incorporates paragraphs 1 though 25.

27.    By his actions as alleged, Lavian has converted to his own benefit DBA's property as described above, including the Patent Application and invention disclosures.

28.    Lavian's conversion has damaged DBA in an amount that DBA will prove at trial.

WHEREFORE, DBA prays for relief as hereinafter set forth.

### COUNT IV

### Fraud

29.    DBA incorporates paragraphs 1 though 28.

30.    In 2005, Lavian represented to DBA that Lavian would keep confidential DBA's intellectual property, including inventions.

31.    In reliance on this representation and believing it to be true, DBA provided Lavian with confidential information related to DBA's intellectual property, including the inventions described in the Patent Application.

32.    On June 29, 2005, without authorization from DBA, Lavian filed the Patent Application with the United States Patent and Trademark Office, and represented to the United States Patent and Trademark Office that he was a co-inventor of the inventions described in the Patent Application.

33.    On information and belief, DBA alleges that Lavian made the representation to DBA knowing it to be false and with an intent to defraud DBA and induce DBA to disclose the intellectual property, so that he could use the intellectual property for his own benefit.

34.    As a result of Lavian's fraud, DBA has suffered damages in an amount to be proven at trial.

WHEREFORE, DBA prays for relief as hereinafter set forth.

### PRAYER FOR RELIEF

WHEREFORE, DBA prays for the following relief:

A.    A declaration that DBA is the rightful owner of the Patent Application and all other intellectual property obtained, conceived, or developed by Lavian in connection with the services Lavian provided to DBA;

B.    An order requiring Lavian to execute a written assignment to DBA of the Patent Application and all other intellectual property obtained, conceived, or developed by Lavian in connection with the services Lavian provided to DBA;

C.    Preliminary and permanent injunctions directing Lavian, his agents, servants, and all persons in active concert, privity, or participation with him:

(i)    not to use, disclose, exhibit, market, advertise, develop, sell, or communicate in any fashion the intellectual property obtained, conceived, or developed by Lavian in connection with the services Lavian provided to DBA;

(ii)    to return immediately to DBA and not to copy, use, disclose, sell, market, advertise, or distribute any and all materials that contain or describe intellectual property obtained, conceived, or developed by Lavian in connection with the services Lavian provided to DBA;

D.    Compensatory damages in an amount to be proved at trial, but not less than $75,000;

E.    Punitive damages;

F.    A declaration that this case is exceptional pursuant to 35 U.S.C. § 285;

G.    Reasonable attorneys' fees, costs, expenses, and prejudgment interest; and

H.    Such other and further relief as the Court deems proper.

DATED:  August 15, 2005

Respectfully submitted,

TOWNSEND and TOWNSEND and CREW LLP

By: _____
Matthew R. Hulse

Attorneys for Plaintiff
DBA INFOPOWER, INC.

COMPLAINT
CASE NO.

- 6 -

## DEMAND FOR JURY TRIAL

DBA demands a trial by jury on all issues so triable.

DATED:  August 15, 2005

Respectfully submitted,

TOWNSEND and TOWNSEND and CREW LLP

By:  _____

Matthew R. Hulse

Attorneys for Plaintiff
DBA INFOPOWER, INC.

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

Ron Sigura, shareholder of Plaintiff DBA InfoPower, Inc.

Ron Warshawsky, shareholder of Plaintiff DBA InfoPower, Inc.

Ted Wang, shareholder of Plaintiff DBA InfoPower, Inc.

Gil Frostig, shareholder of Plaintiff DBA InfoPower, Inc.

DATED:  August 15, 2005                    Respectfully submitted,

                                           TOWNSEND and TOWNSEND and CREW LLP

                              By:  _____
                                   Matthew R. Hulse

                                   Attorneys for Plaintiff
                                   DBA INFOPOWER, INC.

60557965 v1

COMPLAINT                                                                   - 8 -
CASE NO.

# EXHIBIT A

II. NONDISCLOSURE AGREEMENT

In connection with a proposed business relationship, DBA Infopower, Inc. ("Company") has allowed you (the individual or entity) access or may allow you access to business, technical or other information, materials and/or ideas ("Proprietary Information," which term shall include, without limitation, anything you learn or discover as a result of exposure to or analysis of any Proprietary Information).

In consideration of any disclosure and any negotiations concerning the proposed business relationship, you agree as follows:

1. You will hold in confidence and not possess or use (except to evaluate within the U.S. the proposed business relationship) or disclose any Proprietary Information except information you can document (a) is in the public domain through no fault of yours, (b) was properly known to you, without restriction, prior to disclosure by Company, or (c) was properly disclosed to you by another person without restriction. You will not reverse engineer or attempt to derive the composition or underlying information, structure or ideas of any Proprietary Information. The foregoing does not grant you a license in or to any of the Proprietary Information.

2. If you decide not to proceed with the proposed business relationship or if asked by Company, you will promptly return all Proprietary Information and all copies, extracts and other objects or items in which it may be contained or embodied.

3. You will promptly notify Company of any unauthorized release or use of Proprietary Information.

4. You understand that this Agreement does not obligate Company to disclose any information or negotiate or enter into any agreement or relationship. You will strictly abide by any and all instructions or restrictions provided by Company from time to time with respect to Proprietary Information. You will ensure the security of any facilities, machines, accounts, passwords and methods you use to store any Proprietary Information and ensure that no other person has or obtains access thereto.

5. The terms of this Agreement will remain in effect with respect to any particular Proprietary Information until you can document that it falls into one of the exceptions stated in Paragraph 1 above.

6. You acknowledge and agree that due to the unique nature of the Proprietary Information, any breach of this agreement would cause irreparable harm to Company for which damages are not an adequate remedy and that Company shall therefore be entitled to equitable relief in addition to all other remedies available at law.

7. Until one year after the later of the date of this Agreement or the last disclosure of Proprietary Information to you, you will not encourage or solicit any employee or consultant of Company to leave Company for any reason.

8. This Agreement is personal to you, is nonassignable by you, is governed by the internal laws of the State of California and may be modified or waived only in writing. If any provision is found to be unenforceable, such provision will be limited or deleted to the minimum extent necessary so that the remaining terms remain in full force and effect. The prevailing party in

any dispute or legal action regarding the subject matter of this Agreement shall be entitled to recover attorneys' fees and costs.
Company Details:
DBA Infopower, Inc.
666 Pomeroy Ave.
Santa Clara,
CA 95051
USA
Email: sales@dbainfopower.com