DANIEL J. BERGESON, State Bar No. 105439
INA STANGENES, State Bar No. 156559
MELINDA M. MORTON, State Bar No. 209373
BERGESON, LLP
303 Almaden Boulevard, Suite 500
San Jose, CA 95110-2712
Telephone: (408) 291-6200
Facsimile: (408) 297-6000
dbergeson@be-law.com
istangenes@be-law.com
mmorton@be-law.com

Attorneys for Defendant
TAL LAVIAN

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| DBA INFOPOWER, INC., | Case No. C-05-3320-MEJ |
|---|---|
| Plaintiff, | **TAL LAVIAN'S ANSWER TO COMPLAINT OF DBA INFOPOWER, INC. AND COUNTERCLAIM FOR:** |
| vs. | **1. BREACH OF CONTRACT** |
| | **2. QUANTUM MERUIT** |
| TAL LAVIAN, | **3. UNJUST ENRICHMENT** |
| | **4. PROMISSORY ESTOPPEL** |
| Defendant. | |
| | Complaint Filed: August 15, 2005 |
| TAL LAVIAN, | Trial Date Set: None Set |
| Counter-Claimant, | |
| vs. | |
| DBA INFOPOWER, INC., | |
| Counter-Defendant. | |

ANSWER TO COMPLAINT AND COUNTERCLAIM
C-05-3320-MEJ

Defendant Tal Lavian ("Lavian") hereby answers Plaintiff DBA InfoPower, Inc.'s ("DBA") Complaint (the "Complaint") herein as follows:

## THE PARTIES

1.     Lavian lacks sufficient knowledge and information to either admit or deny the allegations contained in Paragraph 1 of the Complaint, except that on information and belief, Lavian admits that DBA is a California corporation with its principal place of business in Santa Clara, California.

2.     Lavian admits the allegations in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3.     Lavian admits that the Complaint purports to state a cause of action under 28 U.S.C. §§ 2201 and 2202 and that Lavian resides in the district.   Except as expressly admitted herein, Lavian denies each and every remaining allegation contained in Paragraph 3 of the Complaint.

## GENERAL ALLEGATIONS

4.     Lavian denies each and every allegation contained in Paragraph 4 of the Complaint.

5.     Lavian denies each and every allegation contained in Paragraph 5 of the Complaint.

6.     Lavian denies each and every allegation contained in Paragraph 6 of the Complaint.

7.     Lavian is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 and, on that basis, denies each and every allegation therein.

8.     Lavian is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 and, on that basis, denies each and every allegation therein.

9.     Lavian is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 and, on that basis, denies each and every allegation therein.

10.     Lavian admits the allegations in Paragraph 10 of the Complaint.

11.     Lavian admits that Ron Warshawsky ("Warshawsky") is a founder of DBA, a member of its Board of Directors, and its Chief Technology Officer and that Warshawsky's responsibilities include the development of DBA's intellectual property.  Except as expressly

admitted herein, Lavian denies each and every allegation contained in Paragraph 11 of the Complaint.

12. Lavian admits that a patent attorney would ultimately be responsible for finalizing and filing patent applications (but not the provisional patent application) with the United States Patent and Trademark Office. Except as expressly admitted herein, Lavian denies each and every allegation in paragraph 12 of the Complaint.

13. Lavian denies each and every allegation in paragraph 13 of the Complaint.

14. Lavian admits that he traveled to Israel in June, 2005, that Warshawsky and Lavian were listed as co-inventors on the provisional patent application (the "provisional patent application") filed with the United States Patent and Trademark Office (the "U.S.P.T.O."), and that Lavian did not inform DBA that he had filed the provisional patent application. Except as expressly admitted herein, Lavian denies each and every remaining allegation contained in paragraph 14 of the Complaint.

15. Lavian is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 and, on that basis, denies each and every allegation therein, except that Lavian admits that he has not agreed to remove himself as a co-inventor and has not assigned his rights in the provisional patent application to DBA.

## COUNT 1
### (Declaratory Judgment of DBA Ownership)

16. Lavian incorporates by reference his answers to paragraphs 1 through 15.

17. Lavian admits the allegations in Paragraph 17 of the Complaint.

18. Lavian denies each and every allegation in paragraph 18 of the Complaint.

19. Lavian denies each and every allegation in Paragraph 19 of the Complaint.

20. Lavian admits the allegations in Paragraph 20 of the Complaint.

21. Lavian admits the allegations in Paragraph 21 of the Complaint.

22. Lavian is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 and, on that basis, denies each and every allegation therein.

## COUNT II
### (Breach of Contract)

23.    Lavian incorporates by reference his answers to paragraphs 1 through 22.

24.    Lavian denies each and every allegation in Paragraph 24 of the Complaint.

25.    Lavian denies each and every allegation in Paragraph 25 of the Complaint.

## COUNT III
### (Conversion)

26.    Lavian incorporates by reference his answers to paragraphs 1 through 25.

27.    Lavian denies each and every allegation in Paragraph 27 of the Complaint.

28.    Lavian denies each and every allegation in Paragraph 28 of the Complaint.

## COUNT IV
### (Fraud)

29.    Lavian incorporates by reference his answers to paragraphs 1 through 28.

30.    Lavian admits that he agreed to maintain the confidentiality of DBA's intellectual property except to the extent disclosure was required by the U.S.P.T.O. Except as expressly admitted herein, Lavian denies each and every remaining allegation contained in Paragraph 30 of the Complaint.

31.    Lavian is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 and, on that basis, denies each and every allegation contained therein.

32.    Lavian admits that he is listed as a co-inventor on the provisional patent application and that he filed the provisional patent application with the U.S.P.T.O. Except as expressly admitted herein, Lavian denies each and every remaining allegation contained in Paragraph 32 of the Complaint.

33.    Lavian denies each and every allegation in Paragraph 33 of the Complaint.

34.    Lavian denies each and every allegation in Paragraph 34 of the Complaint.

ANSWER TO COMPLAINT AND COUNTERCLAIM
C-05-3320-MEJ

## PRAYER FOR RELIEF

Lavian denies that plaintiff is entitled to any of the relief for which it prays as to any cause of action.

Lavian instead requests that the Court award him attorneys' fees and costs, and such other further relief as this Court deems proper.

## AFFIRMATIVE DEFENSES

Lavian also asserts the following affirmative defenses without assuming the burden of proof for such where the burden is not, by law, upon him.

## FIRST AFFIRMATIVE DEFENSE
(Failure to State a Cause of Action)

Each and every cause of action of the Complaint fails to allege facts sufficient to state a cause of action against Lavian.

## SECOND AFFIRMATIVE DEFENSE
(Failure to Mitigate Damages)

Lavian is informed and believes, and upon such information and belief alleges, that if DBA has sustained, or will sustain, any of the injuries, losses or damages described in its Complaint, which Lavian denies, then such injuries, losses or damages were caused solely or in part by the failure of DBA to take reasonable steps available to it to mitigate such damage, and to the extent that any such injuries, losses or damages proven by DBA were caused by DBA's own failure to take reasonable steps available to it to mitigate such damages, they shall not be recoverable against Lavian.

## THIRD AFFIRMATIVE DEFENSE
(Acquiescence)

Lavian is informed and believes, and upon such information and belief alleges, that the Complaint, and each alleged cause of action therein, is absolutely barred by virtue of DBA's acquiescence.

- 4 -

ANSWER TO COMPLAINT AND COUNTERCLAIM
C-05-3320-MEJ

## FOURTH AFFIRMATIVE DEFENSE
### (Waiver)

Lavian is informed and believes, and upon such information and belief alleges, that the Complaint, and each alleged cause of action therein, is absolutely barred by virtue of DBA's knowing and voluntary waiver of any obligations or liabilities of Lavian.

## FIFTH AFFIRMATIVE DEFENSE
### (Failure of Performance)

Lavian is informed and believes, and upon such information and belief alleges, that the Complaint, and each alleged cause of action therein, is absolutely barred by DBA's failure to perform or satisfy some or all of the conditions precedent to any further obligations of Lavian under the alleged contracts or agreements, if any there were.

## SIXTH AFFIRMATIVE DEFENSE
### (Excuse)

Lavian is informed and believes, and upon such information and belief alleges, that Lavian' actions are excused.

## SEVENTH AFFIRMATIVE DEFENSE
### (Estoppel)

Lavian is informed and believes, and upon such information and belief alleges, that the Complaint, and each cause of action contained therein, is barred by the doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Lavian is informed and believes, and upon such information and belief alleges, that DBA has been guilty of inequitable conduct with respect to the matters alleged in the Complaint, and such inequitable conduct shall absolutely bar DBA's recovery herein under the equitable doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE
### (Justification)

Lavian was justified in doing any and/or all of the acts alleged in the Complaint.

- 5 -

## TENTH AFFIRMATIVE DEFENSE
(Failure of Consideration)

Lavian is informed and believes, and upon such information and belief alleges, that the Complaint, and each alleged cause of action therein, is absolutely barred by failure of consideration.

## ELEVENTH AFFIRMATIVE DEFENSE
(Lack of Consideration)

Lavian is informed and believes, and upon such information and belief alleges, that the Complaint, and each alleged cause of action therein, is absolutely barred by a lack of consideration.

## TWELFTH AFFIRMATIVE DEFENSE
(Lack of Subject Matter Jurisdiction)

Each and every cause of action of the Complaint should be dismissed for lack of subject matter jurisdiction.

## THIRTEENTH AFFIRMATIVE DEFENSE
(Invalidity)

Each and every cause of action of the Complaint is barred by 35 U.S.C. Section 261.

## COUNTER-CLAIM

Counter-claimant Tal Lavian ("Lavian"), for his counter-claim against DBA InfoPower, Inc. ("DBA"), alleges as follows:

1. Lavian is, and at all relevant times has been, an individual residing in Sunnyvale, California.

2. Lavian is informed and believes, and thereon alleges that DBA is, and at all times relevant times has been, a corporation duly organized and existing under the laws of the State of California, with its principal place of business in Santa Clara, California.

3. In or about June, 2004, Ron Warshawsky ("Warshawsky"), who at the time was a founder and Chief Executive Officer of DBA, asked Lavian to become a co-founder of DBA. Warshawsky represented verbally to Lavian that in exchange for becoming a co-founder and assisting him with the development of the Company's intellectual property and patent portfolio,

- 6 -

Lavian would receive ten percent of the stock of the corporation. Lavian verbally agreed. In or about June, 2004, Warshawsky and Lavian began developing a number of potentially patentable inventions for DBA. Lavian was a co-inventor on some of these inventions, and a sole inventor on others. One of Lavian's responsibilities was to write and file provisional patent applications for the inventions being developed by him and Warshawsky with the United States Patent and Trademark Office (the U.S.P.T.O."). Lavian was also assigned the responsibility of drafting the initial drafts of the patent applications from the provisional patent applications and then working with patent counsel to finalize them and file them with the U.S.P.T.O.

4.    In or about January, 2005, DBA hired Ron Sigura ("Sigura") as the Company's CEO. Sigura, through the Company's counsel, attempted to put in place a written Consulting Agreement with Lavian in or about May, 2005. The Consulting Agreement provided that the compensation for Lavian's services would be paid in accordance with the terms of a Stock Purchase Agreement. Negotiations over the Stock Purchase Agreement stalled in June of 2005, and the Consulting Agreement and Stock Purchase Agreement were never finalized.

5.    Lavian completed the provisional patent application on or about June 18, 2005 and sent it to both Sigura and Warshawsky for review, indicating the application was ready to be filed.

6.    Lavian filed the application with the U.S.P.T.O. on or about June 24, 2005, having received no objection from either Sigura or Warshawsky.

7.    On or about July 17, 2005, DBA informed Lavian it would no longer need his services and he was to cease performing work for DBA effective immediately.

8.    Between June 2004 and November 2004, Lavian worked about five hours a week. Between December and June 2005, Lavian worked numerous nights and week-ends, averaging approximately ten to fifteen hours per week. Lavian's work included building and developing DBA's intellectual property and patents and drafting provisional patent applications for the intellectual property. At no time did DBA pay Lavian any compensation for the services he provided to the Company, despite demand therefor.

- 7 -

**COUNT I**
(Breach of Contract)

9. Lavian incorporates by reference as if fully set forth herein, each and every allegation contained in paragraphs 1-8, inclusive.

10. In or about June 2004, DBA and Lavian entered into a verbal agreement whereby DBA agreed that Lavian would receive ten percent of the stock of the Company in exchange for Lavian becoming a co-founder and assisting with the development of the Company's intellectual property and patent portfolio.

11. Lavian performed all of his obligations pursuant to the agreement except those obligations the performance of which have been waived, prevented, or excused.

12. DBA has refused to pay Lavian any consideration for the services he provided to the Company, despite demand therefor, thereby breaching the parties' agreement.

13. As a direct and proximate result of DBA's material breach of the agreement, Lavian has suffered damages equal to ten percent of the common stock of DBA.

**COUNT II**
(Quantum Meruit)

14. Lavian incorporates by reference as if fully set forth herein, each and every allegation contained in paragraphs 1-13, inclusive.

15. As more fully alleged herein above, beginning in or about June 2004 through June 2005, DBA became indebted to Lavian for services performed by Lavian for DBA, for which DBA agreed that Lavian would receive ten percent of the stock of the Company.

16. DBA has transferred neither the whole nor any part of its stock to Lavian as compensation for his services, and there is now due and owing from DBA to Lavian in a sum which is presently unknown and which will be subject to proof at trial. Lavian's damages include, but are not limited to, ten percent of DBA's stock.

- 8 -

**ANSWER TO COMPLAINT AND COUNTERCLAIM**
C-05-3320-MEJ

**COUNT III**
(Unjust Enrichment)

17.   Lavian incorporates by reference as if fully set forth herein, each and every allegation contained in paragraphs 1-16, inclusive.

18.   DBA was unjustly enriched, at Lavian's expense, by its receipt of Lavian's services discussed above for no consideration.

19.   Lavian is entitled to recover any gains, profits, or advantages that DBA obtained as a result of its receipt of Lavian's services for no consideration.

20.   As a direct and proximate result of DBA's conduct, Lavian has been damaged in a sum which is presently unknown and which will be subject to proof at trial.  Lavian's damages include, but are not limited to, ten percent of DBA's stock.

**COUNT IV**
(Promissory Estoppel)

21.   Lavian incorporates by reference as if fully set forth herein, each and every allegation contained in paragraphs 1-19, inclusive.

22.   As more fully alleged herein above, Warshawsky, on behalf of DBA, made a clear and unambiguous promise that Lavian would receive ten percent of DBA's stock.

23.   DBA has refused to honor this promise.

24.   Lavian reasonably relied on this promise, to his detriment.

25.   Lavian has made numerous requests that DBA fulfill the promise to grant Lavian ten percent of DBA's stock.

26.   Accordingly, injustice can only be avoided by enforcement of this promise.

27.   As a direct and proximate result of DBA's conduct, Lavian has been damaged in a sum which is presently unknown and which will be subject to proof at trial.  Lavian's damages include, but are not limited to, ten percent of DBA's stock.

**PRAYER FOR RELIEF**

WHEREFORE, Lavian prays for relief as follows:

1.   For compensatory damages according to proof;

- 9 -

2.   For enforcement of the promise made by DBA to Lavian of ten percent of DBA's stock;

3.   For prejudgment interest at the legal rate provided by law; and

4.   For such other relief as the Court deems just and proper.

Dated:  September 27, 2005                    BERGESON, LLP


By:  _____ /S/ _____

Ina Stangenes
Attorneys for
Defendant and Counter-claimant
TAL LAVIAN

- 10 -

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Dated:  September 27, 2005                    BERGESON, LLP


By:  _____/S/_____

Ina Stangenes
Attorneys for
Defendant and Counter-claimant
TAL LAVIAN

- 11 -